**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51492**

| | |
|---|---|
| STATE OF IDAHO,<br><br>        **Plaintiff-Respondent,**<br><br>v.<br><br>**GREGORY CLYDE HUTTON,**<br><br>        **Defendant-Appellant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

) **Filed: May 6, 2026**

) **Melanie Gagnepain, Clerk**

) **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Brent L. Whiting, District Judge.

Judgment of conviction for trafficking in methamphetamine, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Chief Judge

Gregory Clyde Hutton appeals from his judgment of conviction for trafficking in methamphetamine. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officers encountered Hutton in the early morning hours while he was in a city park. During the encounter, officers discovered Hutton was in possession of a bag containing a large quantity of methamphetamine and drug paraphernalia and had a wallet with approximately $2800 in cash.

At trial, Hutton testified that he was employed by the city parks and recreation department and claimed he found the bag of methamphetamine while performing his job duties. According to Hutton, because there was no training or protocol for handling drugs or paraphernalia, he took possession of the drugs to remove them from the park and dispose of them. The State presented

1

evidence indicating that the quantity of methamphetamine, the presence of paraphernalia, and the cash found on Hutton were inconsistent with innocent possession--this included a butane bottle (inside the bag) that had the initials "GH" engraved on it, a pipe and scale in the center console of the vehicle Hutton was driving, and a tin can under the driver's seat with a spoon and another scale.

During closing argument, Hutton emphasized his employment, his efforts to "pull[] himself up from his bootstraps," and his claim that he was simply trying to do his job. In rebuttal, the prosecutor argued the jury should follow the law and the jury instructions regardless of personal views on drug laws and asserted that the jury should "care" about the case because of the park's location, referencing children who use the baseball fields and walking paths throughout the park. Hutton objected, arguing the rebuttal closing argument constituted an improper appeal to sympathy. The district court overruled the objection. The jury found Hutton guilty of trafficking in methamphetamine, Idaho Code § 37-2732B(a)(4). Hutton appeals.

## II.

## STANDARD OF REVIEW

When there has been a contemporaneous objection, we determine factually if there was prosecutorial misconduct and then determine whether the error was harmless. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Phillips*, 144 Idaho 82, 88, 156 P.3d 583, 589 (Ct. App. 2007). Where a criminal defendant shows a reversible error based on a contemporaneously objected-to constitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt that the constitutional violation did not contribute to the jury's verdict. *State v. Johnson*, 163 Idaho 412, 421, 414 P.3d 234, 243 (2018).

## III.

## ANALYSIS

Hutton argues the prosecutor's rebuttal closing argument improperly appealed to the jurors' fears and emotions and that the district court erred by overruling his objection. Hutton contends the argument constituted prosecutorial misconduct and that the error was not harmless.

Hutton argues the prosecutor improperly appealed to the jurors' fears and emotions by referencing children playing baseball and the walking paths in the park and by urging the jury to

"care" about the case. The State contends the argument was based on the evidence in the case and did not employ inflammatory language.

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *Phillips*, 144 Idaho at 86, 156 P.3d at 587. Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id*.; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587.

Appeals to emotion, passion, or prejudice of the jury through the use of inflammatory tactics are impermissible. *Phillips*, 144 Idaho at 87, 156 P.3d at 588; *see also State v. Raudebaugh*, 124 Idaho 758, 769, 864 P.2d 596, 607 (1993); *State v. Pecor*, 132 Idaho 359, 367, 972 P.2d 737, 745 (Ct. App. 1998). Although our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *Field*, 144 Idaho at 571, 165 P.3d at 285. However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.*

Here, the prosecutor's comments were tied directly to evidence established at trial--that the offense occurred in a city park containing baseball fields and walking paths. A prosecutor may refer to facts established at trial during closing argument. *See State v. Severson*, 147 Idaho 694, 721, 215 P.3d 414, 441 (2009). The prosecutor did not urge the jury to convict to protect society, suggest Hutton posed a future danger, or ask jurors to place themselves or their families in harm's way. Rather, the prosecutor's closing argument explained why the location of the offense was significant to the charged conduct and urged jurors to follow the law regardless of their personal views on drug laws.

Courts should not lightly infer that a prosecutor intended an ambiguous remark to have its most damaging meaning. *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974). When viewed in context, the prosecutor's rebuttal responded to Hutton's closing argument that he was acting as a responsible city employee, and the rebuttal also emphasized the relevance of the park's location to the case. The prosecutor's comments were based on the evidence and reasonable inferences and

3

did not constitute an improper appeal to sympathy, passion, or prejudice.  Accordingly, Hutton has failed to show the district court erred by overruling his objection.

## IV.

## CONCLUSION

The district court did not err in overruling Hutton's objection to the prosecutor's rebuttal closing argument.  Hutton's judgment of conviction for trafficking in methamphetamine is affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.